**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

JANE DOE, JANET DOE, and JILL DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HCA HEALTHCARE, INC., and URGENT CARE ENTERPRISE, LLC, d/b/a CARENOW,

Defendants.

Case No. 3:26-cv-00993

**DISTRICT JUDGE CRENSHAW**

**MAGISTRATE JUDGE HILL**

**JURY TRIAL DEMANDED**

(Removed from the Circuit Court for the Twentieth Judicial District Davidson County, Tennessee, Case No. 26C1744)

---

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

---

## I. INTRODUCTION

This is a Tennessee state-law class action arising from Defendants' use of online tracking technologies, including Google Analytics and Google Double Click, on the website through which patients schedule urgent-care appointments, as well as on its MyHealthOne patient portal and mobile application. Complaint ("Compl"). ¶¶ 2-9, 43. Plaintiffs allege that, whenever a patient used these tools, Defendants caused their protected health information, together with identifying information such as IP addresses and device identifiers, to be transmitted to Google and other third parties without patients' knowledge or consent. Compl. ¶¶ 3, 47, 80-82, 163-64, 170-71, 178-81. Plaintiffs filed this putative class action in the Circuit Court for the Twentieth Judicial District, Davidson County, Tennessee, asserting seven causes of action, every one of which is a creature of Tennessee common law or statute: negligence, negligence *per se*, breach of implied contract,

unjust enrichment, invasion of privacy, breach of fiduciary duty, and violation of Tennessee's wiretap statute, Tenn. Code Ann. § 39-13-601. Compl. ¶¶ 263-411.

Defendants removed the action asserting a single basis for jurisdiction: that Plaintiffs' claims raise a "substantial and disputed" question of federal law under 28 U.S.C. § 1331 because the Complaint references the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its implementing regulations, and guidance issued by the U.S. Department of Health and Human Services ("HHS") regarding online tracking technologies. Notice of Removal ¶¶ 18-28. Defendants do not identify and cannot identify any federal cause of action pleaded in the Complaint, and they do not invoke complete preemption or federal officer removal under 28 U.S.C. § 1442.

Defendants' theory fails for the same reasons courts have repeatedly rejected identical arguments raised in materially indistinguishable healthcare-tracking-technology cases: a state tort claim's reference to a federal statute as evidence of a duty or standard of care does not convert that claim into one "arising under" federal law. *See C.J. by & through Brady v. Truman Med. Ctr.*, 2020 WL 3473651, at *3 (W.D. Mo. June 25, 2020) (recognizing that "courts analyzing this issue have consistently held that HIPAA. . . do[es] not provide a basis for federal question jurisdiction under the *Grable/Gunn* standard") (citations omitted).[1] Indeed, Defendants are unable to cite any case in which merely referencing HIPAA conferred federal question jurisdiction. Because Defendants cannot carry their burden of establishing federal subject matter jurisdiction, this action must be remanded.

---

[1] *See also, e.g.*, *Lamarr v. Goshen Health Sys., Inc.*, 2023 WL 6690582 (S.D. Ind. Oct. 12, 2023); *Elkins v. Se. Indiana Health Mgmt., Inc.*, 2023 WL 6567438 (S.D. Ind. Oct. 10, 2023); *Doe v. Reprod. Med. Assocs. of Phila.*, 2023 WL 5961650 (E.D. Pa. Sept. 13, 2023).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiffs' Complaint.

On June 11, 2026, Plaintiffs filed this putative class action in the Circuit Court for the Twentieth Judicial District, Davidson County, Tennessee. Compl. Plaintiffs allege that Defendants deployed Google Analytics, Google Double Click, and related tracking technologies on the website through which patients schedule appointments (the "Appointment Making Services"), as well as on its MyHealthOne patient portal and mobile application. Compl. ¶¶ 8, 43, 77. Plaintiffs allege that Defendants caused disclosure of patients' protected health information — including the fact that a patient had made an appointment, the name of the patient's healthcare provider, and the date and time of the appointment — together with identifiers such as IP addresses, device identifiers, and browser fingerprints, to Google and other third parties, without patients' knowledge or consent. Compl. ¶¶ 3, 47, 80-82, 163-164, 170-171, 178-181.

Plaintiffs assert seven causes of action, all arising under Tennessee law: Count I — Negligence, based on Defendants' common-law duty "to exercise reasonable care to secure, safeguard, and protect" Plaintiffs' protected health information, breached by deploying Google Analytics despite a foreseeable risk of disclosure. Compl. ¶¶ 263-84. Count II — Negligence per se, pleaded "as alternative to their other negligence claims," based on Defendants' violation of statutory and regulatory duties, including HIPAA. Compl. ¶¶ 285-95. Count III — Breach of implied contract, based on an implied promise, arising from the parties' course of dealing, that Defendants would protect the confidentiality of Plaintiffs' health information. Compl. ¶¶ 296-334. Count IV — Unjust Enrichment, pleaded in the alternative to Count III, based on Defendants' retention of the benefit of discounted or free analytics services and reduced marketing costs obtained by sharing Plaintiffs' information with Google. Compl. ¶¶ 335-57. Count V — Invasion

of privacy (intrusion upon seclusion), a traditional Tennessee common law tort. Compl. ¶¶ 358-67. Count VI — Breach of fiduciary duty, based on the trust relationship between patient and healthcare provider. Compl. ¶¶ 368-75. Count VII — Violation of Tennessee's wiretap statute, Tenn. Code Ann. § 39-13-601, based on Defendants' interception and disclosure of Plaintiffs' electronic communications. Compl. ¶¶ 376-411.

**B. Defendants' Notice of Removal.**

On July 16, 2026, Defendants removed the action, asserting that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims allegedly "necessarily raise substantial and disputed questions of federal law," specifically HIPAA, the HIPAA Privacy and Security Rules, and 42 U.S.C. § 1320d-6. Notice of Removal ¶¶ 1, 18. Defendants identify two counts they contend raise federal issues: Count II (negligence per se), which cites HIPAA and its implementing regulations, 45 C.F.R. Part 160 and Part 164, as sources of Defendant's duty of care, Notice of Removal ¶ 21 (citing Compl. ¶ 287); and Count VII (the wiretap claim), which alleges that Defendant violated 42 U.S.C. § 1320d-6 and relies in part on that allegation to defeat the statute's party exception, Notice of Removal ¶ 22 (citing Compl. ¶¶ 389, 394-395).

## III. STANDARD OF REVIEW

"The federal courts are courts of limited jurisdiction." *George v. Westgate Resorts, Ltd., L.P.*, 2020 WL 13443277, at 1 (E.D. Tenn. Mar. 20, 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, "a case is presumed to fall outside a federal court's jurisdiction until a litigant proves otherwise." *Id.* (quoting *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 950 (E.D. Ky. 2010)). Because removal statutes implicate significant federalism concerns, "removal statutes are to be narrowly construed," and "all doubts as to the propriety of removal are resolved in favor of remand." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th

Cir. 2000); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists. *Long*, 201 F.3d at 757; *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Gillespie v. Paul Revere Life Ins. Co.*, 2021 WL 6333362, at 2 (E.D. Tenn. Mar. 25, 2021).

## IV. ARGUMENT

### A. Plaintiffs' claims do not arise under federal law

Section 1331 confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Every cause of action pleaded in the Complaint is created by Tennessee law: negligence, negligence per se, implied contract, unjust enrichment, invasion of privacy, breach of fiduciary duty, and the Tennessee wiretap statute are all creatures of Tennessee common law or statute. Compl. ¶¶ 263-411. There is accordingly no jurisdiction under the "creation" test, and Defendants do not contend otherwise.

Nor is there jurisdiction under the narrow "substantial federal question" doctrine. Under that doctrine, a state-law claim supports federal jurisdiction only if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *accord Humphries v. Brewer*, 2016 WL 4154709, at 1 (E.D. Tenn. Aug. 4, 2016) (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc)). All four elements must be satisfied. *Gunn*, 568 U.S. at 258. The Sixth Circuit has repeatedly emphasized that this doctrine applies only to a "special and small category of cases," *Mays v. City of Flint, Mich.*, 871 F.3d 437, 449 (6th Cir. 2017) (quoting *Gunn*, 568 U.S. at 258); *accord Hudak v. Elmcroft of Sagamore Hills*,

58 F.4th 845, 857 (6th Cir. 2023), and that "[t]he mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue." *Mikulski*, 501 F.3d at 565. This case is not among that "special and small category."

**1. Plaintiffs' Claims Do Not "Necessarily Raise" federal issues**

A state-law claim does not "necessarily raise" a federal issue where the complaint pleads alternative theories, at least one of which does not require resolution of a federal question. *Long*, 201 F.3d at 760 (holding that "there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question"); *accord Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012). This "alternative-grounds" principle defeats Defendants' theory as to every count they identify — and, in fact, as to every count in the Complaint.

Count II — Negligence per se. Defendants point to paragraph 287, which invokes HIPAA, the HIPAA Privacy Rule, and the HIPAA Security Rule as sources of Defendant's duty to maintain "adequate and reasonable data and cybersecurity measures." Notice of Removal ¶ 21 (citing Compl. ¶ 287). But Plaintiffs expressly plead negligence per se "as alternative to their other negligence claims," Compl. ¶ 286, and Count I — ordinary negligence — rests on Defendant's common-law duty of reasonable care, a duty Plaintiffs allege was breached because it was foreseeable that deploying Google Analytics "would result in the patients' PHI[2] being shared with Google," Compl. ¶ 267, and because Google itself — independent of any federal statute — warns

[2] See Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d et seq., and its implementing regulations ("HIPAA"), defining "protected health information."

healthcare entities not to deploy Google Analytics on health-related webpages, Compl. ¶¶ 107, 110-11, 270-71. A jury could find that Defendant breached its common-law duty of care based on Google's own published warnings and prevailing industry practice, entirely without regard to HIPAA. *See Lamarr v. Goshen Health Sys., Inc.*, 2023 WL 6690582, at 3 (S.D. Ind. Oct. 12, 2023) ("A jury could, for instance, find that the tracking pixel breached an implied contract of data privacy without regard to the standards of patient health data as defined in HIPAA."); *Elkins v. Se. Indiana Health Mgmt., Inc.*, 2023 WL 6567438, at 3 (S.D. Ind. Oct. 10, 2023) (same). Because Plaintiffs' negligence theory does not require any construction of federal law, Count II's reference to HIPAA does not "necessarily raise" a federal issue.

Count III — Breach of implied contract. This claim rests entirely on Tennessee contract law. "Under Tennessee law, an implied-in-fact contract comes into being when, notwithstanding the absence of a written agreement or verbal agreement expressing mutual obligations, the conduct or relations of the parties imply the existence of a contract." Compl. ¶ 299. Plaintiffs allege that Defendant's solicitation of their protected health information, in the course of providing medical appointment scheduling services, gave rise to an implied promise of confidentiality that Defendant breached by sharing that information with Google. Compl. ¶¶ 300-34. No element of this claim depends on the validity, construction, or effect of HIPAA.

Count IV — Unjust enrichment. Pleaded expressly in the alternative to Count III, Compl. ¶ 337, this claim likewise rests entirely on Tennessee common law: that Plaintiffs "conferred a benefit" on Defendant by providing valuable, protected health information, that Defendant retained that benefit inequitably, and that Defendant should be required to disgorge it. Compl. ¶¶ 339-57.

Counts V and VI — Invasion of privacy and breach of fiduciary duty. These are traditional Tennessee common-law torts that require no reference to federal law whatsoever. Compl. ¶¶ 358-75.

Count VII — Violation of Tennessee's wiretap statute. Defendants highlight paragraphs 389 and 394-95, which allege that Defendant violated 42 U.S.C. § 1320d-6 and rely on that violation, among others, to defeat the statute's party exception. Notice of Removal ¶ 22. But paragraph 394 pleads three independent, alternative predicates sufficient to defeat the party exception: (a) violation of 42 U.S.C. § 1320d-6; (b) violation of "HIPAA, particularly 42 U.S.C. § 1320d-6"; and (c) "[a] knowing breach of Defendant's common law and fiduciary duties to Plaintiffs and Class Members." Compl. ¶ 394(a)-(c). This third, independent predicate rests entirely on Tennessee common law and, standing alone, is sufficient to sustain the claim. Where a claim can be resolved on a wholly state-law predicate pleaded in the alternative, it does not "necessarily raise" the federal issue pled alongside it. *Long*, 201 F.3d at 760.

Moreover, even as to the portion of Count VII that references 42 U.S.C. § 1320d-6, that reference functions only as one alleged predicate supporting a state tort claim — precisely the situation the Supreme Court held insufficient to confer jurisdiction in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). There, the Court held that "the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Mays*, 871 F.3d at 449 (quoting *Merrell Dow*, 478 U.S. at 814). The same result follows here: whether Defendant's conduct happened to violate 42 U.S.C. § 1320d-6 informs, at most, one alleged predicate for Plaintiffs' state tort claim; it does not transform that claim into a federal cause of action.

Other courts confronting identical HIPAA-based tracking-technology allegations have reached the same conclusion. In *C.J. by & through Brady v. Truman Medical Center, Inc.*, the court concluded that "courts analyzing this issue have consistently held that HIPAA [and] the FTC Act . . . do not provide a basis for federal question jurisdiction under the *Grable*/*Gunn* standard." 2020 WL 3473651, at 3 (W.D. Mo. June 25, 2020) (citing *I.S. v. Washington Univ.*, 2011 WL 2433585, at 5 (E.D. Mo. June 14, 2011)). And in *Doe v. Reproductive Medicine Associates of Philadelphia*, the court rejected the identical theory Defendants advance here, explaining that "[p]laintiff's right to recover on any of her state law claims will not depend on her ability to prove [Defendant]'s conduct constituted a violation of HIPAA or any other federal law." 2023 WL 5961650, at 4 (E.D. Pa. Sept. 13, 2023).

**2. Any Federal Issue Is Not "Actually Disputed" or "Substantial."**

Because no federal issue is necessarily raised, the "actually disputed" and "substantiality" prongs of *Gunn* fail as well — "an issue not raised cannot be actually disputed or substantial." *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 861 (7th Cir. 2018).

In any event, the alleged federal issue is not "substantial" within the meaning of *Gunn*. To be substantial, an issue must be "significant to the federal system as a whole," rather than merely "fact-bound and situation-specific." *Humphries v. Brewer*, 2016 WL 4154709, at 2 (E.D. Tenn. Aug. 4, 2016) (quoting *Gunn*, 568 U.S. at 258, and *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006)); *accord Humphries*, 2016 WL 4154709, at 2. Whether Defendant's use of Google Analytics on its appointment-scheduling website disclosed protected health information in violation of HIPAA is a fact-bound question specific to this litigation; its resolution carries no broader significance to the federal system. *See Mikulski*, 501 F.3d at 570 (substantiality factors include whether a federal agency is a party, whether the federal question is

important, whether resolving it will resolve the case, and whether the decision will affect other cases). No federal agency is a party to this action, HIPAA's validity is not in question, and no federal actor's conduct is implicated. This is not the "prototypical case of *Grable* jurisdiction." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 413 n.6 (3d Cir. 2015). Nor would the answer as to whether Defendant's conduct violated HIPAA dispose of this action—as the duty and standard of care under Plaintiffs' negligence action arise under the common law, even if HIPAA did not provide the standard of care through a negligence *per se* action.

Nor would the exercise of jurisdiction here honor "the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Congress did not create a private right of action to enforce HIPAA. *See Thomas v. Dep't of Health & Hum. Servs., Off. for C.R.*, No. 17-6308, 2018 WL 5819471, at 2 (6th Cir. Aug. 24, 2018). The absence of a federal private right of action "provides strong evidence" that permitting a state tort claim referencing HIPAA to support federal jurisdiction "would herald a potentially enormous shift of traditionally state cases into federal courts." *Merrell Dow*, 478 U.S. at 811; *see also Harmon v. Maury County*, 2005 WL 2133697, at *4 (M.D. Tenn. Aug. 31, 2005) ("Applying Beneficial National Bank, the Court concludes that Congress did not provide an exclusive federal remedy under HIPAA and HIPAA does not completely preempt state law. There is no compelling federal interest nor is a substantial federal question presented. Plaintiffs' claims fall within that broad class of state law claims based on federal regulations in the state court, as described in *Grable*. Thus, the Plaintiffs' motion to remand should be granted."); *In re Anthem, Inc.*, 129 F. Supp. 3d 887, 897 (N.D. Cal. 2015) (reference to the HIPAA in 63-page complaint filed against insurer and health maintenance organization was insufficient to provide basis for removal); *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011) ("In spite of the fact that the personal data at the heart of this case is

protected by HIPPA, this is a fairly straightforward state-law tort case."); *Marshall v. Georgia CVS Pharmacy, LLC*, 580 F. Supp. 3d 1301, 1312 (N.D. Ga. 2022) (reference to HIPAA does not "necessarily raise" a federal issue); *Sacchi v. Quest Diagnostics Inc.*, No. CV2012804MASTJB, 2021 WL 1108682, at *4 (D.N.J. Mar. 23, 2021) ("Although these claims relate to HIPAA and the protections it affords, that does not convert this matter into a federal cause of action.").

Exercising jurisdiction over this garden-variety Tennessee tort and contract action would open the door to federal-question jurisdiction over any state privacy claim that happens to touch on a federal healthcare statute — precisely the sweeping shift of jurisdiction that *Grable* and *Gunn* caution against. *See Gunn*, 568 U.S. at 264.

**3. Defendants' Remaining Arguments Do Not Establish a Substantial Federal Question.**

Defendants raise several additional arguments in their Notice of Removal that warrant a direct response.

*First*, Defendants argue that "[p]laintiffs' prayer for relief invokes federal jurisdiction because it seeks injunctive and declaratory relief that necessarily requires the interpretation and application of federal law." Notice of Removal ¶ 26 (quoting *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020)). This argument inverts the well-pleaded complaint rule. Jurisdiction is determined by reference to the claims a plaintiff has pleaded, not by the remedy a plaintiff ultimately requests in connection with those claims. *See Merrell Dow*, 478 U.S. at 808 (jurisdiction determined by reference to the "well-pleaded complaint"). Because none of Plaintiffs' underlying causes of action arises under federal law for the reasons set forth above, the fact that Plaintiffs seek injunctive and declaratory relief in connection with those state-law claims adds nothing to the jurisdictional analysis.

*Second*, Defendants cite *Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873, 880 (W.D. Tenn. 2013), for the proposition that a federal issue is disputed where the plaintiffs "could not prevail on a negligence claim 'unless they prove[d] that Defendants violated federal requirements,'" and *Landers v. Morgan Asset Mgmt., Inc.*, 2009 WL 962689, at *8 (W.D. Tenn. Mar. 31, 2009), for the proposition that negligence and fiduciary-duty counts "necessarily raise disputed issues of federal law" where they "require a court to resolve federal law." Notice of Removal ¶ 27. Whatever those cases held on their own facts, the premise underlying both, that the plaintiffs there could not prevail without proving a federal-law violation, is not true here. Plaintiffs' negligence claim rests on Defendant's common-law duty of reasonable care and Google's own published warnings, wholly independent of HIPAA. Compl. ¶¶ 267, 270-71. And five of Plaintiffs' seven counts contain no reference to HIPAA or any other federal statute at all. Compl. ¶¶ 296-375. That Plaintiffs also contend that HIPAA should provide a shortcut to determining the standard of care and the Defendant breached the standard of care does not change the fact that Plaintiffs' negligence claim independently arises under state common law. *Jenkins* and *Landers*, as Defendants themselves describe them, are accordingly inapposite, as the Sixth Circuit has said. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 449 (6th Cir. 2017) (confirming again that garden variety tort claims do not become federal questions sufficient to confer federal jurisdiction just by claiming a violation of a federal statute).

*Third*, Defendants cite *Doe v. Experity, Inc.*, No. 26-2667, ECF No. 1 (N.D. Cal. 2026), as evidence that the federal questions here "would influence other lawsuits considering similar facts and issues." Notice of Removal ¶ 26. But the citation Defendants offer is to a complaint, not to any ruling on the existence of federal jurisdiction, and it says nothing about whether resolving Plaintiffs' claims here would be "significant to the federal system as a whole" rather than merely

"fact-bound and situation-specific." *Gunn*, 568 U.S. at 258. That a similarly framed complaint has been filed against a different defendant in a different court does not convert this case into one of substantial federal importance.

*Fourth*, Defendants invoke the remaining two *City of Loveland*/*Mikulski* substantiality factors not otherwise addressed above: whether resolution of the federal question will resolve the case, and whether the decision will affect other cases. Notice of Removal ¶ 23 (citing *United States v. City of Loveland*, 621 F.3d 465, 472 (6th Cir. 2010)). Neither favor Defendants. Even if this Court resolved every HIPAA-related allegation in Defendants' favor, Plaintiffs' claims would not be resolved: each count still requires proof of the ordinary elements of Tennessee negligence, contract, tort, or statutory liability, including duty, breach, causation, and damages, none of which depends on HIPAA. Nor will a decision here "affect other cases" in any sense relevant to the substantiality inquiry: each tracking-technology suit turns on its own complaint's specific allegations and the common law of the state in which it is filed, so a ruling on Plaintiffs' Tennessee-law claims carries no binding or persuasive effect beyond this litigation.

### B. Courts Have Repeatedly Rejected This Precise Removal Theory in Materially Indistinguishable Healthcare-Tracking-Technology Cases.

This Court need not break new ground. Courts confronting complaints alleging the use of tracking technologies on hospital and healthcare-provider websites, invoking the same HIPAA provisions and the same category of HHS guidance that Defendants cite in their Notice of Removal, *see* Notice of Removal ¶¶ 24-26, have consistently held that such allegations do not create federal-question jurisdiction and have remanded to state court. *See Lamarr*, 2023 WL 6690582, at 3; *Elkins*, 2023 WL 6567438, at 3; *Doe v. Reprod. Med. Assocs. of Phila.*, 2023 WL 5961650, at 4; *C.J. by & through Brady*, 2020 WL 3473651, at 3. Defendants' Notice of Removal does not cite, distinguish, or otherwise address this substantial and directly on-point body of

authority on materially identical facts, applying the very *Grable*/*Gunn* framework Defendants invoke here.

## V. THE COURT SHOULD AWARD ATTORNEYS' FEES

Section 1447(c) authorizes an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). This is not a sanction; it is a fee-shifting mechanism, and the clarity of the law at the time of removal is a central factor in the analysis. *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (holding that an award "does not require a showing that the defendant's position was 'frivolous' or 'without foundation'").

Fees are warranted here. Defendants' sole basis for removal — that HIPAA and HHS guidance referenced within Plaintiffs' state tort claims create a substantial federal question — has been repeatedly rejected by courts confronting the same theory on comparable facts. *See Lamarr*, 2023 WL 6690582; *Elkins*, 2023 WL 6567438; *Doe v. Reprod. Med. Assocs. of Phila.*, 2023 WL 5961650; *C.J. by & through Brady*, 2020 WL 3473651. Defendants' Notice of Removal does not grapple with, distinguish, or even acknowledge this authority. Just as the Sixth Circuit has affirmed fee awards where a defendant removed a case "based solely on alleged violations of state law," *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993), fees are warranted here, where Defendants seek to manufacture jurisdiction over claims that rest overwhelmingly (and, as to five of the seven counts, entirely) on Tennessee common law and statute.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court remand this action to the Circuit Court for the Twentieth Judicial District, Davidson County, Tennessee, and award Plaintiffs their just costs and reasonable attorneys' fees incurred in securing remand.

Dated: August 17, 2026

Respectfully submitted,

*<u>/s/ J. Gerard Stranch, IV</u>*

J. Gerard Stranch, IV (BPR # 023045)
Grayson Wells (BPR # 039658)
**STRANCH, JENNINGS, & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, #1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

Foster C. Johnson*
Mark Holden*
**AHMAD, ZAVITSANOS, & MENSING, PLLC**
1221 McKinney Street, Suite 3460
Houston, TX 77010
Tel: (713) 655-1101
fjohnson@azalaw.com

Matthew J. Langley*
**ALMEIDA LAW GROUP, LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (713) 554-9354
matt@almeidalawgroup.com

***Counsel for Plaintiffs and the proposed Class***

*** *Pro Hac Vice* Forthcoming**

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, a true and accurate copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record, including:

W. Brantley Phillips, Jr.
Kathryn Hannen Walker
Taylor M. Sample
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203

*Attorneys for Defendants*

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR # 023045)