IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **JANE DOE** ***et al.*** | ) | |
| | ) | **Case No. 3:26-cv-00993** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Hill** |
| **HCA HEALTHCARE, INC.** ***et al.*** | ) | |

**JOINT CONFIDENTIALITY ORDER**[1]

Pending before the Court is the parties' joint motion for entry of joint confidentiality order (Docket No. 10), which is **GRANTED** for the reasons requested.

**A. Preamble.**

The parties in the above-captioned case agree to the following:

1. Discovery in this case may involve the disclosure of certain documents, things, and information that are in the Parties' or Non-Parties' possession, custody, or control and that one or more of the Parties or Non-Parties claims constitute or contain confidential commercial or personal information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

2. The Parties and Non-Parties have legitimate interests in protecting that information from public disclosure or other improper use and may suffer injury if the confidentiality of their information is not maintained;

3. The Parties, through counsel, have agreed to this Joint Confidentiality Order (the "Order") to advance the resolution of this case, to prevent disclosure of their confidential information to the public and actual or potential competitors, and to preclude the use of their confidential information for any purpose other than prosecuting this litigation;

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language, if any, and underlining added language.

4. The Parties, through counsel, stipulate that there is good cause for the Court to enter this Order under Rule 26(c) to safeguard against improper use or disclosure of Protected Material that the Parties produce or otherwise provide to another person in this case; and

5. The Parties acknowledge that this Stipulated Protective Order in and of itself does not entitle a Party to file Protected Material under seal and that a filing Party shall comply with the Federal Rules of Civil Procedure, the Court's Local Rules and Administrative Orders and applicable law.

**B. Definitions.**

6. Subject to the definitions below, the words in this Order will have their normally accepted meanings.

a. Action: The case captioned *Jane Doe, et al. v. HCA Healthcare Inc., et al.*, Case No. 3:26-cv-00993 (M.D. Tenn.).

b. Party: Named Plaintiffs and Defendant in the Action.[2]

c. Non-Party: Any individual or entity that is not a Party to the Action.

d. Outside Counsel: Attorneys who have been retained to represent or advise a Party or Non-Party in connection with the subject-matter of this Action. The term "Outside Counsel" includes associates, employees, and support staff of Outside Counsel's law firm.

e. In-House Counsel: Attorneys who are employees of a Party or Non-Party, including their support staff.

---

[2] Should a class be certified, the Parties will meet and confer regarding the sharing of Protected Material, if any, with the Class.

f. Discovery Material: All items, information or tangible things, regardless of the medium or manner in which it is generated, stored, or maintained, which is produced, given, or exchanged by and among the Parties and any Non-Parties to this Action—whether by formal process, agreement, or otherwise. The term "Discovery Material" includes but is not limited to documents, electronically stored information, transcripts, deposition testimony, deposition exhibits, information, tangible things, and information disclosed or produced in response to requests for production of documents, interrogatories, requests for admissions, or site inspections, as well as any other disclosed information produced or designated by any Party or Non-Party in the Action.

g. "Confidential Information": All items or information, regardless of how it is generated, stored, or maintained, that is not in the public domain and contains material that a party or producing non-party contends qualifies for protection under Federal Rule of Civil Procedure 26(c), including Discovery Material that contains trade secrets, confidential and proprietary business information, competitively sensitive information, or any other information the disclosure of which may, in the good faith judgment of the Designating Party, cause harm to a Party or Non-Party. Confidential Information also includes any copies or reproductions, excerpts, or other documents or media that contain Confidential Information as defined above.

h. "Highly Confidential — Attorneys' Eyes Only Information": Information that a party or producing non-party contends contains highly sensitive competitive or highly sensitive confidential information the disclosure of which is reasonably likely to result in demonstrable harm to the Designating Party, such as personally identifiable information and protected health information for individuals, Plaintiffs, absent class

members, or employees of Defendant, network security policies, measures, or configurations, unpublished financial, pricing, or patient information.

i. Protected Material: Discovery Material designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only". Protected Material does not include information that (i) was lawfully in a Receiving Party's possession before that Party received it under this Order, or (ii) is exempted from this Order by the written consent of the Party owning the Confidential or Highly Confidential Information.

j. Producing Party: A Party or Non-Party that produces, discloses, or provides Discovery Material in the Action.

k. Qualified Person: A person who may receive Confidential Information under Paragraph 25 of this Order or Highly Confidential — Attorneys' Eyes Only Information under Paragraph 26.

l. Receiving Party: A Party or Non-Party that receives Discovery Material from a Producing Party in the Action.

m. Designating Party: A Party or Non-Party that designates Discovery Material under this Order.

n. Challenging Party: A Party or Non-Party that challenges or objects to the designation of Discovery Material under this Order.

**C. Scope.**

7. This Order governs the Parties, Producing Parties, Receiving Parties, Designating Parties, Challenging Parties, and any other person or entity who receives Discovery Material under this Order.

8. Nothing in this Order and no action taken pursuant to it will prejudice any Party's right to contest the alleged authenticity, relevancy, privilege, admissibility, or discoverability of any Discovery Material.

9. Nothing in this Order affects any Party's or person's right to object to any discovery request or assert any privilege, immunity, or protective doctrine. By the same token, nothing in this Order requires the production of any information or communication that a Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, protection, or immunity from disclosure.

10. Nothing in this Order restricts the use or disclosure by a Party or Non-Party of its own documents or information.

**D. Designating Protected Material.**

11. The Designating Party must designate Protected Material by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page of each document that contains Protected Material. The Parties shall use their best efforts to ensure that the legend does not cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document. Documents produced in native form shall have a slip sheet stating that the document has been produced in native form. The slip sheet shall include the appropriate confidentiality designation, and the produced document name shall include the appropriate confidentiality designation (e.g. if an excel spreadsheet is produced, the native file would be labeled Bates Number — Confidentiality Designation).

12. The failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Discovery Material has

been produced in accordance with Section J herein, with the effect that such Discovery Material is subject thereafter to the protections of this Order. The designation or failure to designate materials as Protected Material at the time of production or otherwise shall not be determinative of that material's status as trade secret, proprietary, Confidential, Highly Confidential, or Protected information.

13. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify. If it comes to a Designating Party's attention that Protected Material does not qualify for protection or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation. Any designation of Protected Material may be withdrawn by the Designating Party.

14. The Parties agree that the designation of Discovery Material as "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" shall be made on a particularized, document-by-document (or item-by-item) basis following a reasonable review of the material. Each designation must be supported by a good-faith belief that the material qualifies for the applicable level of protection and must be made for a proper purpose consistent with advancing legitimate confidentiality interests. Mass or indiscriminate designations are not permitted.

15. For any deposition, a Party or Non-Party may designate an entire deposition transcript as Protected Material under this Order as long as the Designating Party reasonably believes that all testimony in the transcript qualifies as Protected Material, or, if not, then the Party or Non-Party may designate specific pages or lines of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by

designating those pages or lines on the record at the deposition or by serving those designations within 30 days after receipt of the final transcript of the deposition in which the Protected Material is disclosed. The Parties shall treat all deposition transcripts as "CONFIDENTIAL" for 30 days following receipt of the final transcript. The use of a document as an exhibit at a deposition will not affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

16. The Parties and their counsel shall designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only if they believe in good faith that the material contains information properly designated as such under this Order.

17. If at any time before the final judgment in this Action a Party or Non-Party realizes that previously un-designated or under-designated documents or other information should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (including documents in which the Designating Party has a confidentiality interest that are produced by another Party or Non-Party), the Party or Non-Party may designate the materials by advising all Receiving Parties in writing. The designated documents or information shall then be treated accordingly under this Order. Upon written receipt of the designation, the Receiving Parties and other persons subject to this Order shall take reasonable and appropriate action to notify all recipients of the Discovery Material about the protected status of the newly designated Protected Material and to retrieve the newly designated Protected Material from any person who is no longer permitted by this Order to have such information.

18. No Receiving Party shall be under any obligation to object to the designation or re-designation of any document at the time such designation is made or at any time thereafter. No

Receiving Party shall, by failure to object, be found to have acquiesced or agreed to any designation.

**E. Use of Discovery Material.**

19. All Discovery Material, including Protected Material, shall be used solely for the purpose of this Action. Prohibited purposes include but are not limited to the use of Discovery Material in any litigation or proceeding other than in the Action, or use for commercial or competitive purposes.

**F. Use of Protected Material**

20. This Order governs the use of Protected Material. No person receiving Protected Material may, directly or indirectly, transfer, use, disclose, or communicate in any way the contents of the material to any person other than those permitted in Paragraph 25 and 26. Before Outside Counsel discloses Protected Material to anyone—except the persons identified in Paragraphs 25(a), (b), (c), (g),[3] (h), and (i) —counsel must obtain from that person a certification in the form attached as Exhibit A. Counsel must maintain the originals of the certifications that those persons signed.

21. Nothing in this Order restricts (i) a recipient permitted to receive Protected Material from making working copies, abstracts, digests, and analyses of the Protected Material for use in connection with this Action, but those working copies, abstracts, digests, or analyses will retain the same level of protection under this Order as the Protected Material to which they pertain; or (ii) a Designating Party from using or discussing its own Protected Material in any way it sees fit

[3] The Parties agree that they must obtain a signed copy of Exhibit A from the point person for any vendor in the business of supporting computerized or electronic discovery or trial preparation. The parties also agree that court reporters, stenographers, and printing or copying vendors do not need to sign Exhibit A. This same provision applies to Paragraph 26(f).

or to so use or discuss that material for any reason, provided, however, if the Designating Party discloses Protected Material publicly then the designation is waived for all Parties.

22. Nothing in this Order restricts a Qualified Person from converting or translating Protected Material into machine-readable form for incorporation into a data-retrieval system, so long as access to that information, in whatever form stored or reproduced, is limited to Qualified Persons.

23. Nothing in this Order prevents or restricts Outside Counsel from rendering advice to their clients, except that in advising or communicating with clients, counsel must not disclose any Protected Material to their clients except in accordance with this Order.

24. A Receiving Party that learns that Protected Material has been disclosed to unauthorized persons must promptly use its best efforts to remedy the disclosure; it must promptly notify the Producing Party and Designating Party of the scope and nature of the disclosure; it must inform the persons to whom unauthorized disclosures were made of all the terms of this Order; and it must take reasonable steps to require those persons to execute the certification that is attached as Exhibit A.

**G. Disclosure of Confidential Information.**

25. Confidential Information may be disclosed only to the following Qualified Persons:

a. the Court, including employees, judges, secretaries, special masters appointed in the Action, stenographic reporters, staff, transcribers, all other personnel necessary to assist the Court in its function, and the jury;

b. the Parties, including Plaintiffs, In-House Counsel of a Party, and any Party's director, officer, or employee involved in the prosecution or defense of this Action;

c. Outside Counsel for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in connection with the subject-matter of the Action, as well as any other counsel and support personnel of such counsel who may be assisting Outside Counsel for the Parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners and associate attorneys;

d. consulting or testifying experts, including associated personnel necessary to assist experts in the Action, provided that any report created by such expert or consultant relying on or incorporating Protected Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

e. vendors that are retained by a Party or its counsel to provide technical services, expert or investigative services, or jury or trial-consulting services;

f. mock jurors or focus-group members;

g. litigation-support-services vendors engaged by a Party or its counsel, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors;

h. persons who created, authored, or received the Confidential Information;

i. persons from whom deposition or trial testimony is taken while testifying at deposition or trial, respectively;

j. any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

k. any person who is authorized to receive Confidential Information by Court order, by written agreement of the Designating Party, or by verbal agreement of the Designating Party on the record at a deposition or Court hearing.

26. Highly Confidential — Attorneys' Eyes Only information may be disclosed only to the following Qualified Persons:

a. the Court, including employees, judges, secretaries, special masters appointed in the Action, stenographic reporters, staff, transcribers, all other personnel necessary to assist the Court in its function, and the jury;

b. Outside Counsel for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in connection with the subject-matter of the Action, as well as any other counsel and support personnel of such counsel who may be assisting Outside Counsel for the Parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners and associate attorneys;

c. consulting or testifying experts, including associated personnel necessary to assist experts in the Action, provided that any report created by such expert or consultant relying on or incorporating Protected Material in whole or in part shall be designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the party responsible for its creation;

d. vendors that are retained by a Party or its counsel to provide technical services, expert or investigative services, or jury or trial-consulting services;

e. mock jurors or focus-group members;

f. litigation-support-services vendors engaged by a Party or its counsel, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors;

g. persons who created, authored, or received, or otherwise had knowledge of the Highly Confidential — Attorneys' Eyes Only Information;

h. any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

i. any person who is authorized to receive Highly Confidential — Attorneys' Eyes Only Information by Court order, by written agreement of the Designating Party, or by verbal agreement of the Designating Party on the record at a deposition or Court hearing.

27. Even if information is designated as Highly Confidential — Attorneys' Eyes Only, such designation does not prevent Plaintiffs' counsel from sharing with the individual, Named Plaintiffs their own personally identifiable information or protected health information to the extent produced by Defendant or to the extent such Plaintiff's own personally identifiable information or protected health information is used in the pleadings and briefing in this case.

**H. Challenging designations.**

28. Any Party may challenge a designation of confidentiality or non-designation at any time ("Challenging Party"). A Challenging Party must give written notice of its specific challenges

or objections to the Designating Party on a document-by-document basis. If challenged, the burden of persuasion shall be on the Designating Party to support the challenged designation.

29. Upon receipt of the written objection by a Challenging Party, counsel for the Designating Party must, within 15 business days, provide a written response to the Challenging Party explaining the basis for the designation. Per Local Rule 37.01, the Parties must meet and confer in good faith in an effort to resolve by agreement the issues raised. If the Parties are not able to resolve the objection, they must, in connection with any request for a discovery conference or a discovery motion, submit to the court a joint discovery dispute statement: (1) detailing their attempt at resolution; (2) setting forth exactly what designation is in dispute; and, (3) detailing the Parties' respective positions. This joint statement must be submitted in connection with any request for a telephonic discovery conference with the Judge. The parties must seek relief from the Court in accordance with the discovery dispute resolution procedures in effect in this case.

30. The document or information that is the subject of the challenge shall be treated as Protected Material pending resolution of the dispute. If the Court rules that the challenged material is or was incorrectly designated, the Designating Party must reproduce copies of all such materials without the overruled designation at the Designating Party's expense, within 15 business days of the Court's order.

**I. Non-Waiver of Privileges.**

31. Pursuant to Rule 502(d) of the Federal Rules of Evidence and this Order, the production of any document, tangible thing, information or other material covered by the work product doctrine and/or the attorney-client, common interest or other applicable evidentiary privilege that would entitle a party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, common interest privilege, and/or

any other applicable privilege) concerning any such documents, tangible things, information or other material or the subject matter thereof. Nothing in this Order restricts a Receiving Party's right to challenge the Producing Party's claim of privilege, protection, or immunity from disclosure.

32. The Parties agree that they do not intend to disclose documents or information subject to a legally recognized claim of privilege, protection, or immunity from disclosure, including, without limitation, the attorney-client privilege and the work-product doctrine ("Privileged Information").

33. If a Party identifies documents or information that appears clearly on its face to be Privileged Information belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party, and shall do so no later than seven (7) business days of identifying such documents or information. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified documents. If the Party or Non-Party to which the disclosed Privileged Information belongs wishes to assert a claim of privilege or protection, that Party or Non-Party shall notify the receiving Party of its assertion of privilege within seven (7) business days of receiving the identifying Party's notification of potentially Privileged Information. Nothing in this Protective Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Producing Party that such Privileged Information has been produced.

34. This Order does not preclude (i) a Party from intentionally waiving any claims of privilege or protection; or (ii) a Party from making arguments attendant to intentional waiver.

**J. Clawback.**

35. A Producing Party that determines that it made a disclosure of Privileged Information in this litigation shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party (the "Returning Party") shall: (i) promptly cease the review and use of the disclosed document or information; (ii) no later than seven (7) business days, return, sequester, or destroy the disclosed Document or information forthwith, as well as any and all copies thereof; and (iii) make reasonable efforts to destroy or sequester any references to the erroneously or inadvertently disclosed Document or its contents, to the extent such references exist in other materials prepared by the Returning Party.[4] This Order does not preclude a Receiving Party from challenging or contesting the assertion of privilege or protection.

36. Within seven (7) business days after providing a clawback notice, the Producing Party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document that has been redacted to protect the privilege or protected material and utilizing the same bates number(s) as the original; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.

37. Upon request of the Producing Party, the Returning Party must provide the Producing Party a certification of counsel that any Discovery Material containing Privileged Information has been returned, sequestered, or destroyed subject to the terms of this section.

---

[4] Copies of disclosed Privileged Information that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Returning Party must take steps to re-sequester the restored disclosed Privileged Information claimed to be Privileged Information if the Receiving Party intends to move the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected.

38. If any produced Privileged Information or Protected Material has been provided to a Non-Party by a non-Producing Party, the non-Producing Party shall use all reasonable efforts to secure the return of the Privileged Information (and the destruction of any references thereto), including reminding the Non-Party of its obligation to adhere to the terms of this Protective Order that Non-Party agreed to by executing the Acknowledgement attached as **Exhibit A**.

39. If a Receiving Party disputes the Producing Party's privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within 15 business days of receipt of the notification of produced Privileged Information. However, to the extent that a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 15 business days to review such documents and dispute the privilege claims asserted over them. Per Local Rule 37.01, the Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within 15 business days. In the event that the Producing Party and Receiving Party do not resolve their dispute, they must, in connection with any request for a discovery conference or a discovery motion, submit a joint discovery dispute statement: (1) detailing their attempt at resolution; (2) setting forth exactly what privilege claim is in dispute; and (3) detailing the Parties' respective positions. This joint statement must be submitted in connection with any request for a telephonic discovery conference with the Judge. <u>The parties must seek relief from the Court in accordance with the discovery dispute resolution procedures in effect in this case.</u>

40. A Party is not precluded by this Protective Order from arguing that a privilege or protection has been waived for reasons other than the production of a Document or information subsequently clawed back in accordance with the terms of this Protective Order.

41. Notwithstanding the foregoing, the Parties agree that all arguments pertaining to waiver, timing, and prejudice remain available to the Receiving Party if a Producing Party seeks to clawback a Document used by any Party in a deposition (if the privilege is not raised contemporaneously in the deposition), expert report, or court filing in this action (with the exception of a motion pursuant to Section H of this Protective Order), and that the Parties will confer over timeline and process for any requested clawback in these situations.

**K. Subpoena for Protected Material.**

42. If any Receiving Party receives a request to produce Protected Material by subpoena or other compulsory process commanding the production of such information, unless barred by law, the Receiving Party must, as soon as practicable: (a) provide a copy of the subpoena or other form of process to the Designating Party; (b) provide a copy of this Protective Order and notify the subpoenaing or requesting party in writing that some or all of the material covered by the subpoena or other compulsory process is subject to this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

43. If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or other compulsory process shall not produce any information designated in this Action as Protected Material before a determination by the court from which the subpoena or other compulsory process issued, unless the Receiving Party has obtained the Designating Party's permission. Nothing in this Order shall be construed as authorizing or encouraging a Party receiving a subpoena or other compulsory process to disobey a lawful directive from another court.

**L. Filing Protected Material.**

44. If any Party seeks to file Protected Material in this Action or any appeal therefrom, the Parties shall comply with the Federal Rules of Civil Procedure, the Court's Local Rules and Administrative Orders (including Local Rule 5.03 and ~~Section 5.07 of~~ Administrative Order 167-1) and applicable law. The burden of demonstrating that the Protected Material is entitled to be sealed rests on the Party seeking to seal the Protected Material. If the court denies the request to seal, the Party may file the Protected Material in the public record unless the court directs otherwise. In the alternative, a Receiving Party may seek express written permission from the Designating Party to file the Protected Material on the public record. Use of Protected Materials in trial or hearings.

45. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing, which shall proceed in accordance with applicable local and federal rules.

**M. Survival of Obligations.**

46. The obligations imposed by this Order will survive the final adjudication of the Action, including after adjudication of any appeals and petitions for extraordinary writs.

47. The Court will retain jurisdiction to enforce this Order and to make any amendments, modifications, deletions, and additions that the Court deems appropriate.

**N. Disposal of Protected Material.**

48. Within 60 business days of the termination of the Action, including any and all appeals, every person that received Protected Material under this Order must either destroy all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

ATTORNEYS' EYES ONLY" and all copies, excerpts, and summaries of those documents, or they must return those documents to the Producing Party.

49. Notwithstanding the foregoing, Outside Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Material. Further, Outside Counsel does not need to destroy attorney work-product materials that contain Protected Material.

**O. Non-Parties.**

50. When serving subpoenas on non-parties, the Parties shall include a copy of this Confidentiality Order. Non-Parties who produce information in this Litigation may avail themselves of this Confidentiality Order. When a Non-Party produces documents in accordance with a subpoena issued in this Action, any Party may—within a reasonable time after receipt of the produced documents—designate those documents as Confidential Information.

**P. Modification of this Order.**

51. The Parties may stipulate to narrow or extend any time periods specified in this Order without the need for Court approval.

52. Nothing in this Order prohibits the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor does anything in this Order or any Party's compliance with the Order waive any Party's rights under applicable law.

53. <u>Nothing in this Confidentiality Order, including any designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," may be relied on or construed as a determination by or binding on the Court, including whether the</u>

information is confidential, is protected, or is subject to restriction from public access for any other purposes.

It is SO ORDERED.

LYNDA M. HILL
United States Magistrate Judge

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **JANE DOE *et al.*** | ) | |
| | ) | **Case No. 3:26-cv-00993** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Hill** |
| **HCA HEALTHCARE, INC. *et al.*** | ) | |

<u>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**</u>

Name: ______________________________________________

Company/Firm Affiliation: ______________________________________________

Address: ______________________________________________

I certify that I have read the attached Joint Confidentiality Order entered in the above-captioned case and that I agree to be bound by its terms. I understand and acknowledge that failure to comply could expose me to sanctions and punishment, including contempt. I acknowledge that I cannot use any of the information that is the subject of this Order for any other purpose except as set forth in this Order. I will use reasonable measures to control duplication of, access to, and distribution of Confidential Information and Highly Confidential Information, as defined in the Order, and I will not reveal Confidential Information or Highly Confidential Information to or discuss it with any person who is not entitled to receive it.

I also understand and agree that damages for violation of the Order are not an adequate remedy and that the appropriate remedy includes injunctive relief. I agree that the United States District Court for the Middle District of Tennessee has jurisdiction to enforce the Order. I consent to the personal jurisdiction of that Court in an action to enforce the Order.

______________________________ ______________________________
Signature Date